■ SIDNEY ZION, Appellant, v NYP HOLDINGS, INC., Doing Business as THE NEW YORK POST, et al., Respondents. [795 NYS2d 238]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 20, 2004, which granted defendants' motion for partial summary judgment dismissing plaintiff's cause of action alleging defamation, unanimously affirmed, without costs.

The alleged defamatory statement, in which defendant McManus, defendant New York Post's editorial page editor, expressed the view that plaintiff, one of the paper's columnists, had fabricated the premise of one of his columns, was nonactionable since it amounted to no more than an expression of opinion based on disclosed facts (*see Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]). In any event, the statement, contained in a communication by McManus to plaintiff and the Post's publisher and editor-in-chief upon a subject in which they all had an interest, i.e., plaintiff's job performance at the paper, enjoyed a qualified privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Williams v Varig Brazilian Airlines*, 169 AD2d 434, 438 [1991], *lv denied* 78 NY2d 854 [1991]). Plaintiff did not adduce evidence permitting an inference that the statement was made with either actual or common-law malice and thus failed to raise a triable issue as to whether the privilege had been abused (*see Liberman*, 80 NY2d at 438). There is no evidence that McManus had knowledge that the complained-of statement was false or that he acted "with reckless disregard of whether it was false or not" (*New York Times Co. v Sullivan*, 376 US 254, 280 [1964]). Nor was there evidence that the sole motive for the statement was spite or ill will (*see Liberman,* 80 NY2d at 439).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ. [*See* 6 Misc 3d 1027(A), 2004 NY Slip Op 51289(U) (2004).]